[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 300 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 301 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 302 
It is provided by statute that commissioners of highways, in the several towns in this state, shall have the care and superintendence of the highways and bridges therein. And it is made their duty to give directions for the repairing of the roads and bridges within their respective towns, and also to cause the highways and the bridges which are or may be erected over streams intersecting highways to be kept in repair. (1 R.S. 501, § 1.) It is quite certain that the bridge in question had not been kept in repair, but was, at the time the accident happened, in an unsafe and dangerous condition. Nor had any directions been given, or other steps been taken, for the repairing of the same. But it would not necessarily follow from this that the defendants should be held liable for the injury in question, even should it be determined that an action lies against commissioners of highways, in favor of an individual who has sustained damage by reason of a clear omission of duty on their part to cause such repairs to be made. That seems to be still an open question in this state, and it is wholly unnecessary to determine it in the present case.
It is well settled that the duty to make repairs does not attach until funds are provided for the purpose by the public, and that until they are in funds sufficient to make such repairs, a mandamus will not lie to compel the commissioners to make them, nor an indictment for omitting the performance of the duty, nor any action founded upon the breach of the duty. (The People v.Commissioners of Highways of Hudson, c. 7 Wend. 474; ThePeople v. Adsit, and others, Commissioners of Highways, c. 2 Hill, 619; Barker v. Loomis, 6 id. 463; Bartlett v.Crozier, 17 Johns. 451; Shepherd v. Lincoln, 17 Wend. 250.)
Upon the facts established in this case there has obviously been no neglect, or breach of duty, on the part of the defendants, to the public or to individuals in reference to this particular bridge. Although it is found that at the *Page 304 
time the injury was occasioned, the defendants were, and for some time previously had been, in the possession of funds applicable to the repair of bridges in the town, to an amount sufficient and more than sufficient to repair this bridge; yet it is also proved that there were several other bridges in the same town which then needed rebuilding and repairing, and that such funds were not sufficient to repair all in the town which needed repairing. It is further found that before the accident in question the defendants had procured materials for rebuilding bridges other than the one in question, which needed rebuilding, and the completion of which would have required more funds than the defendants had. It thus appears clearly that the defendants, so far from neglecting their duties as commissioners, were proceeding at the time, in the discharge of such duties, in rebuilding and repairing other bridges needing repairs, the repairs of which would absorb all their funds. Not having sufficient funds provided, they were not bound to repair the whole. They owed no duty to any one to undertake more than the funds in their hands would complete and pay for; and they necessarily had a discretion to exercise, as to which of the bridges in the town they would undertake to repair. This discretion, for aught that appears, they exercised in good faith. It is to be presumed that they did so. The fact that the defendants, after the accident in question, actually used the funds in their hands to rebuild this bridge, and suffered the others to go unrepaired, adds nothing to the strength of the plaintiff's case. They had the right to change their plans when the greater necessity for this repair became so apparent, and the fact that they did so, raises no implication against them. They have therefore been guilty of no laches or breach of official duty, and the action cannot be maintained.
The judgment was right and should be affirmed. *Page 305