BENJAMIN R. ELLIS, Appellant, v. THE VILLAGE OF LOWVILLE, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, 1872.)

The trustees of the village of Lowville, incorporated under the general act for the incorporation of villages, have no power under that act to appropriate the moneys raised for highway purposes to making or repairing sidewalks in that village.

A resolution passed by the inhabitants of that village, authorizing the building of a sidewalk, which specifies no sum to be raised, is of no validity, as such a resolution is expressly prohibited by the thirtieth section of the general law.

*Held*, however, that the trustees being made commissioners of highways by the amendment to the charter in 1866 (chap. 224), they are bound to make repairs out of the highway fund to a sidewalk where its condition is such as to endanger the safety of travelers; and the village is liable for the omission to make such repairs to any person injured thereby.

And the liability of the village is affirmatively established by proof of the charter which imposes upon the trustees the duty of raising moneys for highway purposes, as it will be presumed that they discharged their duty.

The *onus* was upon defendant to show that they had no funds.

IN 1854 the village of Lowville was duly incorporated under the general act, passed in 1847, regulating the incorporation of villages.

By section 28 of that act (3 Stat. at Large, 794), the electors of a village, at a meeting duly called, are authorized, by resolution, to direct the trustees to raise by tax, upon said village, moneys for the following purposes, amongst others:

7. For the necessary advances for making and repairing sidewalks, in cases where those required to make or repair them shall neglect or refuse to do so.

8. For constructing and repairing crosswalks.

14. For highway purposes, where such village shall be a separate road district; and no other mode shall be prescribed by law for raising money therein for highway purposes.

By section 29 it is declared that no tax shall be voted to

be raised at any such meeting, unless the notice for holding it shall specify the amount and object of the tax.

By the thirtieth section the resolution adopted at the meeting must specify the amount of the tax, and the objects to which the money raised is to be applied.

By section 34 the money raised for any specified purpose cannot be applied to another.

By section 43 the village is declared incapable of contracting a debt, and not liable for debts contracted by any of its officers.

By section 45 the electors, at any meeting duly called, may, by resolution, direct the trustees to cause sidewalks to be made or repaired on any road therein; and the resolution must specify the place where and the material with which such walk shall be made or repaired; and to render valid such a resolution the notice, by which the meeting is called, must state that such a resolution will be proposed.

By section 46 the expense of making or repairing a sidewalk is a lien on the land in front of which it is laid; and the trustees are required to give the owner, if a resident of the town, notice of the time and manner in which the work is required to be done.

By section 47, if not done in conformity to the notice, or if the owner is not a resident, the trustees are authorized to do the work, and to issue a warrant for the collection of the expenses.

And if the collector is unable to find property out of which to certify the tax the land itself may be leased.

The charter of Lowville was amended in 1862 by chapter 77 of the Laws of that year. The village, together with certain highways leading thereto, were declared a separate road district; and the trustees were made commissioners of highways therein, and vested with all the powers of commissioners of highways of towns.

This act was amended in 1866 (chapter 224 of the Laws of that year).

Section 2 of that act directs the trustees, within twenty

days after the annual election in said village, to make out a tax, and according to the statute for raising highway taxes by commissioners of highways, except that such taxes shall be paid in money, estimating a day's work at one dollar.

They are required to issue a warrant to the collector, requiring him to collect the same and pay it to the treasurer.

Every male inhabitant, of the age of twenty-one years and upward, is required to be assessed one dollar for one day's labor, to be inserted in said warrant.

The trustees, in assessing the highway tax, are to be governed by the last assessment roll of the town of Lowville.

The moneys raised for highway purposes are to be applied only to the same purposes that highway labor and commutations thereof may be used.

The manner in which the highway taxes are assessed in towns is regulated by the Revised Statutes. (1 Stat. at Large, 465, §§ 21, 22, 23.)

Section 21 requires each overseer of highways to prepare a list of the names of the taxable inhabitants in his road district who are liable to work for the highway.

The commissioners are required (§ 22) to make out a descriptive list of all non-resident lands, and to annex thereto the valuation placed upon them in the last assessment roll of the town.

The lists prepared by the overseers are (§ 23) to be delivered to the commissioners.

They are then (§ 24) to ascertain the number of days' work to be assessed, which is to be at least three times the number of taxable inhabitants, to which is to be added one day for a poll tax, against each taxable male inhabitant of twenty-one years of age and upward, except idiots, &c. &c.

The residue of such days' work is required to be assessed on the real and personal property of every inhabitant of the town, as the same appears on the last assessment roll of the town. And if, after such apportionment, there shall be a deficiency in the number of days' work determined by the

Ellis *v.* Village of Lowville.

commissioners, such deficiency shall be assessed on the property of the inhabitants.

On the easterly side of State street, in the said village of Lowville, and in front of a store occupied by one Jones, there was erected, seven years since, a plank sidewalk within the bounds of said street, which had become out of repair by reason of the removal or destruction of one of the planks thereof, leaving a hole about a foot wide and two inches deep, and several feet in length.

In the evening of the 1st October, 1869, the plaintiff was coming out of the store of said Jones and stepped into said opening and sprained his ankle; by reason whereof he suffered pain, and was put to expense, and was unable to labor for some time.

For this injury the action was brought.

On the trial the plaintiff proved the incorporation of said village, and the acts amending its charter, the passage, by the inhabitants at a meeting of those entitled to vote taxes, of a resolution "to build a sidewalk on either side of State street six feet wide (where necessary)," the defect in the sidewalk, and the injury caused thereby.

The referee ordered judgment, dismissing plaintiff's complaint, with costs.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The trustees have no power, under the charter, to appropriate the moneys raised for highway purposes to making or repairing sidewalks in said village. The moneys for sidewalks must be voted by the inhabitants; those for the highways are to be raised by a tax on the taxable inhabitants.

The resolution that was passed by the inhabitants is of no validity. It specified no sum to be raised; and without such specification it is declared, by the thirtieth section of the general law, to be void.

Unless, therefore, the trustees are liable because they are

commissioners of highways, or the repair of the walk could be legitimately done out of the highway fund, the corporation was not liable and the judgment should be affirmed.

The amendment of the charter of 1866 makes the trustees commissioners of highways; and for the neglect of such trustees to perform their duties the corporation is liable. (Cases cited *infra.*)

It is the duty of commissioners of highways to keep them in repair, so that they do not become a public nuisance.

But this liability attaches on commissioners in towns only when they are shown to have funds in their hands applicable to such purpose, and to which it is their duty to apply them. (*Garlinghouse* v. *Jacobs*, 29 N. Y., 297; *Hover* v. *Commissioners of Florida*, 44 id., 113.)

But in incorporated cities and villages, whose common council or trustees are vested with the powers of commissioners of highways, the corporation is liable, for the omission to keep the streets in repair, to any person injured thereby, although they have no funds applicable to such use.

This was directly held in *Weet* v. *The Village of Brockport* (16 N. Y., 159), in note to case of *Conrad* v. *The Village of Ithaca, Hiscock* v. *Village of Plattsburgh, Hines* v. *City of Lockport* (5 Lansing, 16; S. C., 60 Barb., 378).

To subject the corporation to liability for neglect, the duty must be imperative, and they must not be forbidden to raise, in some legitimate way, the money with which to do the work.

If the work omitted in this case is to be considered as the repair of a sidewalk, within the meaning of the sections of the general law relating to making and repairing sidewalks, they are not liable.

They are not bound to make or repair a sidewalk until a tax is voted for the purpose.

The provisions of the charter as to sidewalks seem to proceed upon the assumption that they are, in some way, separated from the street, and made, in part at least, of different material.

Ellis *v.* Village of Lowville.

When a sidewalk, as thus defined, is to be made or repaired, a tax must be voted.

Let us suppose that a flood comes and washes away the walk and the earth on which it rests, so that an excavation is made, dangerous to the life or limb of any person who should accidentally fall into it, may the trustees omit to fill up the excavation until a village meeting is called and tax voted?

The space on which the sidewalk lies, if within the boundary of the street, is as much a part of the highway or street as the part over which teams pass; and no good reason can be assigned why the duty is imperative as to one part of the highway and not as to another part. (*Graves* v. *Otis,* 2 Hill, 466.)

The trustees in this case, when they found the plank missing, might not be authorized to purchase plank out of the highway moneys in their hands with which to repair the walk, but they could fill the hole with earth as they could a similar hole in the part traveled by teams, and thus protect foot passengers from injury.

But it seems to me the trustees had the same authority to use the highway money to purchase plank to repair the walk that they would have to purchase it to repair sluices over streams crossing highways.

The distinction I design to make is between repairing in order to make a walk safe, that would otherwise be dangerous, and repairing one whose condition involves no danger to the public.

It is the duty of the trustees to make the walk, when it is part of a public highway, safe; but it is not their duty to make repairs on walks when there is no danger to the traveler if it is left unrepaired.

It is essential, in order to subject the corporation to liability, that they should be shown to have funds in their hands applicable to the work. The charter shows they have power to raise moneys for highway purposes; and it is presumed they discharged their duty. This is all the plaintiff could prove. The defendant had the means of showing they

had not funds, and the proof of the negative is, under such circumstances, on them.

This was· held in the case of *Hines* v. *City of Lockport* (*supra*).

The judgment should be reversed and a new trial ordered, costs to abide the event.