## DAY v. CROSSMAN.

*Highway commissioners — want of funds when no excuse for delay in repairs — Negligence — proximate cause — Trial — erroneous reason for correct decision.*

The highway commissioners of P. undertook the repair of a bridge, and constructed a passage way, to be used while the repairs were being made, through the stream. While plaintiff, who was familiar with the locality and had, on the same afternoon, traveled through the passage way, was endeavoring to cross the stream at that place, on a dark night, after a heavy rain had swollen the stream, his wagon and horse were swept away and his horse drowned. In an action against the commissioners for such loss, *held,* that although, as defendants had undertaken to repair, it might be too late for them to raise the defense of a want of funds to complete the bridge, and the presumption on that point might be against them, they were not liable for an injury not proximate upon such neglect to repair or complete repairs ; and defendant's injury did not result from the neglect to repair in such a sense

and with such intimacy of connection as to furnish the basis of a cause of action.

A good or the best reason is not required to sustain a decision when other proper grounds are presented for the consideration of the court making it.

MOTION for a new trial upon exceptions ordered to be heard in the first instance at general term after a nonsuit at the circuit. The action was brought in Genesee county by Sidney A. Day against Samuel Crossman, Calvin Dutton and William Walker, commissioners of highways of the town of Pavilion, in said county, to recover damages for the loss of a horse and other injury, from the alleged negligence of defendants in not keeping in repair a bridge across a stream in said town.

Several weeks prior to the 17th of July, 1873, defendants caused to be removed the plank covering of the bridge in question, which . had become unsafe and required repairing. For the purpose of repairs a quantity of stone had been drawn with which the approaches to the bridge had been obstructed in such a manner that persons could not drive into the opening. A passage way for wagons had been graded on each side of the stream down to it so that it could be crossed by fording by those passing along the road. On the day mentioned plaintiff, who was familiar with the roadway in question, at about four o'clock in the afternoon, drove across the stream with a horse and wagon. In the evening succeeding a severe storm of rain took place and the stream was very much swollen. About ten o'clock in the evening, which was very dark, plaintiff, in returning over the same road, undertook to cross at the place where he had crossed in the afternoon, but in making the attempt the horse was drowned and the wagon swept against the bridge and injured.

At the trial defendants moved for a nonsuit on the grounds stated in the opinion, which was granted upon the ground that in order to recover it was for the plaintiff to establish affirmatively that defendants at the time of the injury had in their hands the necessary funds for the completion of the bridge and restoring the traveled portion of the highway to a safe and passable condition, and plaintiff had failed to prove that fact. To which ruling plaintiff excepted.

*M. H. Peck*, for plaintiffs. The legal presumption in the absence of proof is in favor of the ability of defendants to discharge their duties, and they are *prima facie* liable to plaintiff. 1 R. S. 501, § 1, Laws 1858, ch. 103, § 1; *Hover* v. *Barkhoof*, 44 N. Y. 113, opin.

EARL, C., p. 118; *Robinson* v. *Chamberlain*, 34 id. 389; *Adsit* v. *Brady*, 4 Hill, 630, 634. Defendants having undertaken to repair the bridge are liable, notwithstanding want of funds. *Mayor, etc.* v. *Furze*, 3 Hill, 612; *Roch. White Lead Co.* v. *City of Rochester*, 3 N. Y. 464; *Hutson* v. *Mayor, etc.*, 9 N. Y. 163; *Conrad* v. *Trustees, etc.*, 16 id. 158, 171. Also cited upon the point of the questions upon which the trial court ruled adversely to defendants as being for the jury, *Totten* v. *Phipps*, 52 N. Y. 354; *Davenport* v. *Ruckman*, 37 id. 568; *Coulter* v. *Express Co.*, 5 Lans. 67; *Hackford* v. *N. Y. C. R. R. Co.*, 6 id. 381; *Clancy* v. *Byrne*, 58 Barb. 449.

*R. Ballard*, for defendants.

E. DARWIN SMITH, J. The motion for a nonsuit at the close of the plaintiff's case was made upon three grounds then stated: 1st. On the ground that the plaintiff had shown no negligence on the part of the defendants in the discharge of their duty. 2d. On the ground that the plaintiff was guilty of negligence in driving into the stream at the time of night he did, it being a dark night and the stream flooded as it was, which negligence contributed to the injury; and 3d. That if the defendants could, in any way, be liable for negligence in the discharge of their duty, it could only be upon proof that there were funds in their hands, appropriated for the purpose of making repairs of roads and bridges, and no such proof had been given.

The circuit judge granted the nonsuit on the last mentioned ground. The particular ground upon which the learned judge granted the nonsuit, I think, is in accordance with the cases of *Garlinghouse* v. *Jacobs*, 29 N. Y. 297; *Robinson* v. *Chamberlain*, 34 id. 389; *Hines* v. *City of Lockport*, 5 Lans. 17.

But if this action could otherwise be maintained, I should be inclined to hold on this point, that it was too late for the defendants to raise that point or that the presumption of the possession of funds was against them, upon the ground that they had recognized their duty to repair the said bridge, practically, by taking off the planks upon it, and entering upon the work of repairing it by getting out the necessary stone and drawing them upon the ground for the abutments of a new bridge, or upon the ground that the *onus* was upon the defendants to show that they had no funds. *Ellis* v. *Village of Lowville*, 7 Lans. 434. If the defendants were guilty of an unreasonable delay in completing the work so

begun upon said bridge, they were doubtless liable to indictment for such breach of duty, but for a mere omission for a brief period to fulfill a public duty they are clearly not liable to individuals, except where some special injury has resulted to them for such neglect or omission. The injury must be proximate upon such neglect. In *Hover* v. *Barkhooff*, 44 N. Y. 114, the injury resulted from the falling in or breaking down of a bridge over the stream, negligently left out of repair and unsafe. In *Garlinghouse* v. *Jacobs*, the damages were caused also by the breaking down of a highway bridge when the plaintiff was crossing it. In *Adsit* v. *Brady*, 4 Hill, 630, the defendant negligently left a boat sunk in the canal so that the plaintiff's boat ran against it and was injured. In *West* v. *Trustees of Brockport*, 16 N.Y. 161, the defendant left a pit-hole open in the sidewalk with no guard about it or light to enable persons passing upon said street to see it, and the plaintiff ran into it in the night-time; and all the cases I have seen, where public officers have been held liable for neglect which consisted in the mere passive omission of duty, the action has been based upon some direct injury suffered and resulting from such neglect.

In this case the plaintiff's injury was not proximate or consequent upon the neglect of the defendants to repair the bridge. It was the immediate result of his own negligence in attempting, in a dark night, to ford the stream, rapidly swollen by a sudden and severe storm, where it was otherwise ordinarily safe to drive and where he had passed safely a few hours before, and knew intimately the ground and situation of the highway, the bridge and the creek at that place. His injury did not result from the omission of the defendants to repair the bridge in question, in such a sense and with such intimacy of connection with the neglect alleged as to furnish the basis for a cause of action.

The nonsuit, we think, might properly have been granted upon either the first or second grounds upon which it was moved, and the judgment being right, it should not be reversed upon an erroneous ground or reason.

Judges who decide correctly are not required to give good or the best reasons for their decisions, and particularly when other proper grounds are at the same time presented for their consideration. *Steves* v. *Hyde*, 33 Barb. 171; *Beals* v. *Home Ins. Co.*, 36 id. 614; affirmed, 36 N. Y. 522. A new trial should be denied.

*New trial denied.*