EUNICE WARREN, APPELLANT, v. J. HENRY CLEMENT AND OTHERS, COMMISSIONERS OF HIGHWAYS, ETC., RESPONDENTS.

*Commissioners of highways — liability of, for failure to repair a highway — when they are not excused on the ground simply that they have no funds.*

To relieve the commissioners of highways of a town from personal liability to one who has been injured by their neglect to repair a defect known by them to exist in the highway, it is not sufficient to show that they had no funds on hand wherewith to cause the necessary repairs to be made, but it must also be shown that they had sought through the proper channels to procure the said funds; and their failure so to apply therefor will render them liable for the damages sustained by reason of such defect.

APPEAL from a judgment in favor of the defendants, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*John H. Cunneen*, for the appellant.

*Thompson & Spencer*, for the respondents.

HARDIN, J.:

This action was brought to recover damages sustained by the plaintiff and her assignor while crossing a bridge over Oak Orchard creek in the town of Carlton, in which town the defendants were and had been for two years the commissioners of highways.

It was alleged that the defendants suffered for a long time, knowingly, a steep and artificial approach to said bridge on the south end thereof to remain in a dangerous and insecure condition, by omit-

ting to erect suitable guards on the sides of the approaches for the protection of the traveling public.

The injuries complained of were sustained by the plaintiff and her husband, her assignor, while passing along the highway and over the bridge on the evening of November 23, 1877.

Evidence was given tending to show that the plaintiff and her assignor were free from contributory negligence on the occasion when the injuries were received, and likewise tending to show that the approaches were unsafe and had been for two years, and were so known to be by the defendants, although the defendants gave evidence tending to show to the contrary.

It was conceded that no railing was constructed on such approach, and the said omission to construct such railing was the negligence imputed to the defendants, and the expense of constructing such railing would not exceed the sum of five dollars.

The plaintiff gave evidence tending to show that the defendants had not during their term of office included in any statement made by them to the supervisor of the town any estimate of the expense of constructing a railing on the approach in question, or required any appropriation to be made for such purpose, nor made application to the town meetings of the town or any of them, or to the town auditors, or met to determine what amount was necessary or should be borrowed to construct said railing, or taken any steps or made any effort whatever to have the board of supervisors authorize the supervisor of the town to borrow such sum as would be necessary, upon the credit of the town, to put said approach in a safe condition or construct said railing.

The court charged the jury that "if at the time of the injury the approach was out of repair and in an unsafe and insecure condition, and the plaintiff's injuries happened because the approach was so unsafe and insecure, and she was free from negligence on her part, and *at that time the defendants* had no money or funds on hand applicable to making repairs, then *they were not* liable to her, even if they did know *that the approach* or *bridge* was unsafe and out of repair." The plaintiff took an exception.

It is now well settled that commissioners of highways having funds in their hands applicable to repairs, are liable for negligence in omitting the discharge of their duty. (*Adsit* v. *Brady*, 4 Hill, 630;

*Garlinghouse* v. *Jacobs*, 29 N. Y., 297; *Robinson* v. *Chamberlain*, 34 id., 402.) The liability is one which may be enforced against the commissioners personally. (*Lament* v. *Haight*, 44 How., 5, op. of DANIELS, J.)

The town is not bound to reimburse the commissioners, and cannot by *mandamus* be required to indemnify the commissioners against such liability, or reimburse them for losses and expenses thus incurred. (*People ex rel. Loomis* v. *Town Auditors*, 75 N. Y., 316; *People ex rel. Van Keuren* v. *Town Auditors*, 74 id., 310; *Olmsted* v. *Dennis*, 77 id., 382.) Nor is it "needful in such a case to show that the public officer charged" acted willfully or maliciously. (77 N. Y., 382, *supra; Day* v. *Crossman*, 1 Hun, 570.)

The important fact to be established in such a case, upon which to build the liability of the defendants, is negligence, omission of duty leading to the injury complained of.

If the defendants, commissioners of highways, have funds in their hands, "or authority to procure such funds," and neglect their duty in the premises, they are liable to a person receiving injuries without any contributory negligence. (*Hover* v. *Barkhoof*, 44 N. Y., 113; 77 id., *supra*.)

Judge GILBERT says, in *Bostwick* v. *Barlow* (14 Hun, 179), "Their duty is not discharged by waiting to be notified that a highway or bridge is out of repair. * * * The duty involves the exercise of a reasonable degree of watchfulness in ascertaining the condition of the highways and bridges from time to time, and of preventing them from becoming dilapidated or dangerous."

It is difficult in this case to suppose the defendants performed their duty if, during the two years they knew that the approach was unsafe and insecure and the place dangerous, they omitted to repair it or guard it by the expenditure of five dollars of the funds passing through their hands in that period. But if we so assume, we come to the question raised during the trial, in respect to their omission to use the powers given them to apply for funds for such purpose.

It was their duty to make the effort to obtain means to use the power given them, and apply through the proper channels for the needed funds. Failing so to do, they were negligent. (*Lament* v. *Haight*, 44 How., 3; *Hutson* v. *The Mayor*, 9 N. Y., 168;

*Hagadorn* v. *Raux,* 72 id., 583; 1 R. S. [6th ed.], 867, § 26; 2 id., 150, §§ 84, 85; Laws of 1874, chap. 260; Laws of 1875, chap. 482.)

A reasonable official diligence to obtain the funds, when the power to apply for them is conferred, should be shown, to justify an exoneration from the charge of negligence when the commissioners have knowledge of defects and unsafe condition of road or bridges, or approaches thereto. The point involved here was considered by DANIELS, J., in *Lament* v. *Haight* (44 How., 1); and though other questions were involved in that case and perhaps controlled the decision actually given by the court, we are satisfied with the correctness of the views there expressed, and apply them to the questions now before us in this case.

We think the charge given by the court erroneous, and the refusals to charge improper. We must therefore reverse the judgment.

Judgment reversed and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment and order reversed and new trial ordered, costs to abide event.