DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

### October, 1884.

---

## THOMAS W. EVELEIGH, Plaintiff, v. THE TOWN OF HOUNSFIELD, Defendant.

*Defective highway or bridge — in an action against a town to recover damages result-ing therefrom, the possession of funds wherewith to repair it must be alleged — 1881, chap. 700.*

Where an action is brought against a town, under chapter 700 of 1881, to recover damages for injuries sustained by reason of defects in a highway and bridge therein, the complaint must allege that the town or its commissioners of high-ways had funds, or the means of obtaining funds, wherewith to repair the bridge or highway alleged to be defective.

*Warren* v. *Clemment* (24 Hun, 472) distinguished.

Motion by the plaintiff for a new trial on a case and exceptions, ordered to be heard in the first instance at the General Term, after the court had ordered the complaint to be dismissed.

The plaintiff offered to prove all the allegations of the complaint. The court refused to allow him to do so, to which ruling the plaintiff excepted.

The motion to dismiss the complaint was made upon the following ground, viz.: "Upon the ground that it does not state facts sufficient to constitute a cause of action; upon the ground that the complaint contains no allegation that the highway commissioners of the town had funds or had neglected to take any steps to procure them, or any facts showing negligence in that regard."

*H. M. Wilber*, for the motion

*Lansing & Rogers*, opposed.

HARDIN, P. J. :

The plaintiff in his complaint alleged that he was the owner of a stallion of great value, and that on the 18th of July, 1882, while traveling upon a public highway, in the town of Hounsfield, without fault or negligence of the plaintiff, the horse was injured and disabled by falling through a defective bridge in the public highway in that town, and that the unsafe and defective condition of the highway and bridge " was caused by the neglect of the said defendant, its commissioners of highways, officers and servants, of its and their duties." It also alleged " long before the said accident was caused, as aforesaid, the pathmaster of the beat upon which such bridge was, notified the said defendant's commissioners of highways that said bridge was unsafe and unfit for the purposes for which it was used and built, and said defendant neglected and refused to repair said bridge until after the injury complained of herein." And that the plaintiff sustained injuries by reason of the negligence of the defendant in not keeping said bridge and highway in proper condition for travel, as was its duty. No other material allegations are found in the complaint. We are called upon by the case before us, to consider whether or not the town is liable to an action upon the facts which we have quoted from the complaint.

In chapter 700 of the Laws of 1881 it was enacted, viz. : " The several towns in this State shall be liable, to any person suffering the same, for all damages to person or property by reason of defective highways or bridges in such town *in cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners of highways.*" Before the passage of that statute it was well settled that it was the duty of commissioners of highways to repair defective highways and bridges " after notice of their condition, with reasonable and ordinary degree of diligence, if they have sufficient funds in their hands, or authority to procure such funds, and neglect of this duty renders them liable to any person injured thereby." (*Hover* v. *Barkhoof*, 44 N. Y., 113 ; *Warren* v. *Clement*,

24 Hun, 472; 2 R. S. [7th ed.], § 1, p. 1212; *Garlinghouse* v. *Jacobs*, 29 N. Y., 297.)

It, was also well settled that in an action against the commissioners of highways, for neglect of duty, that it was necessary to allege and prove the existence of funds, or other specific means provided by the statute to obtain them, as a condition precedent to the enforcement of any obligation on the part of the commissioners to repair. (*People* v. *Adsit*, 2 Hill, 619; *Garlinghouse* v. *Jacobs*, 29 N. Y., 297; *Warren* v. *Clement, supra.*)

By the statute of 1881, already referred to, the towns were made liable, viz.: " In cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners of highways." In adopting the language we have quoted from the statute we think it is reasonable to assume that the legislature did not intend to cast upon the towns any greater liability than under the settled law of the State was enforceable against commissioners of highways We are, therefore, of the opinion that the complaint now before us was defective and failed to state a cause of action in that it did not aver that the town had funds or the means of obtaining funds for the purpose of repairing the bridge or highway alleged to be defective.

We think the liability of the town has not been extended to cases in which the commissioner or commissioners were not liable prior to the passage of the statute of 1881. That statute was not remedial; it simply substituted the town as a party defendant in the same cases in which the commissioner or commissioners were liable prior to the passage of the statute. (*Frasier* v. *The Town of Tompkins*, 30 Hun, 168; *Bussing* v. *Bushnell*, 6 Hill, 382.)

The injuries received by the plaintiff's horse occurred on the 18th of July, 1882. The annual town meeting was on the second Monday of February previous. There is no averment that the bridge and highway were defective at the time the town meeting was held, or that it was in such a condition as to call upon the commissioner to avail himself of the power given by statute to raise the amount of $250 for the repair of roads and bridges of the town. The statute authorizes commissioners to apply in open town meeting for a sum not exceeding $250, in addition to the sum allowed by law. (2 R. S. [7th ed.], 1216, 1217.)

We think the complaint should have contained a positive allega-
tion that the defendant had funds or means of acquiring the same,
or that its commissioners of highways had funds or means of
acquiring the same. It will not do to presume that a public officer
has neglected his duty. (*Mandeville* v. *Reynolds*, 68 N. Y., 528.)
A commissioner of highways has no power to pledge the credit of
the town for the purpose of repairing bridges or highways.
(*People ex rel. Everett* v. *Supervisors*, 93 N. Y., 397.)

The views already expressed do not conflict with the rule laid
down in *Warren* v. *Clement* (24 Hun, 472), for in that case it
appeared that the commissioner of highways had actual notice of
the condition of the bridge for more than two years before the
injury complained of happened, and it was there held that he was
negligent in not taking the needful steps to provide himself with
funds to repair.

We think the plaintiff's complaint was properly dismissed, and
we must therefore deny the motion for a new trial and order judg-
ment for the defendant.

BOARDMAN and FOLLETT, JJ., concurred.

Motion denied and judgment ordered for the defendant, with
costs.