# SUPREME COURT.

BRIDGET WALKER, respondent, agt. THE CITY OF LOCKPORT, appellant.

A defective and dangerous *cross-walk* in a street in the city of Lockport, whereby a citizen sustained personal injuries, was presumptively a construction by the city. But if it was not, it was an obstruction in a public highway, the duty to keep which in a proper and safe condition devolved upon the city.

Express *notice* of the dangerous condition of a cross-walk or a street is not necessary to be given to the city authorities, where ample time has elapsed to render the condition notorious.

*Fourth Department, June Term,* 1872.
*Before* JOHNSON *and* TALCOTT, *JJ.*

APPEAL from an order of the special term of Erie county, denying a new trial.

JAS. F. FITTS, *for appellant.*
S. W. LOCKWOOD, *for respondent.*

*By the court,* TALCOTT, J.—This action is brought to recover damages for an injury sustained by the plaintiff in consequence of an obstruction in the cross-walk upon one of the streets in the city of Lockport over which the plaintiff fell and broke her arm. On the question of fact relating to the character of the obstruction and the alleged contributory negligence of the plaintiff, the evidence clearly sustains the verdict. Most of the questions of law presented by the appellant, were decided by this court, in *Hines* agt. *City of Lockport,* (60 *Barb.,* 378). In this case, the appellant claims that no express proof was given that the cross-walk in question was ever built or accepted by the

city. It was in a public highway, under the charge of the city authorities, and had existed there for some years, presumptively it was constructed by or under the authority of the city. If not, it was an obstruction in a public highway; the duty to keep which in a proper and safe condition, devolves upon the defendant.

In *Hines* agt. *City of Lockport*, (60 *Barb.*, 378), we held, that the defendant had control of the whole space set apart as a street, and it was their duty to keep such space in repair, and that whether or not it was the duty of the authorities to construct cross-walks or not, it is their duty to keep in repair those parts of the street in which such cross-walks exist, so that the same shall be safe for pedestrians as well as others.

It is also claimed by the appellant's counsel, that no express notice was given to the common council of the existence of this dangerous obstruction.

But the case shows, that the attention of the street superintendant was repeatedly called to this obstruction and its dangerous character. The superintendant of streets was the proper officer of the city to whom to give notice.

The matter was within the purview of his powers and duties, and notice to him was notice to the defendant.

This notice was given in the fall of 1869. The injury for which the suit is brought occurred in April, 1870.

Express notice is not necessary where ample time has elapsed to render the defect notorious (*Requa* agt. *City of Rochester*, 45 *N. Y.*, 129). In the case cited no notice was shown, and the defect had existed but three weeks, yet the city was held liable upon the ground that the lapse of time amounted to constructive notice.

The order denying a new trial must be affirmed.

---

NOTE.—The acts of the legislature relating to the city of Lockport, are chapter 365, laws of 1865; chapter 809, laws of 1868; chapter 835, laws of 1869.