RACHEL SAULSBURY, RESPONDENT, v. THE VILLAGE OF ITHACA, APPELLANT.

*Village — is not bound to construct a sidewalk in each street — when it is not liable for the negligence of an individual in constructing one for his own use.*

This action was brought by the plaintiff to recover damages for injuries sustained by falling upon a sidewalk in Brindley street, in the village of Ithaca, and from it into an open space over which it passed. The street became such by dedication some forty years before the accident. Some ten years prior thereto railroad tracks were laid therein, and from that time it had been but little, if at all, used as a highway. The village had never built, or ordered to be built, a sidewalk along the street. About a year before the accident one Turner, who owned a house and lot on the street, built the sidewalk to enable his tenants to go to and from his house to State street.

*Held*, that as the sidewalk was not built by or under the direction of the village, it was not liable for an accident arising from its unsafe condition, and that the action could not be maintained.

Upon the cross-examination of the plaintiff's attorney upon the trial he was asked how much of the judgment was to be his in case of success. An objection to this question was sustained by the court, to which ruling the defendant excepted.

*Held*, that the exception was not well taken as the question related to a collateral issue, and that the extent of the cross-examination was in the discretion of the court.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*S. D. Halliday*, for the appellant.

*F. E. Tibbetts*, for the respondent.

BOARDMAN, J. :

The plaintiff was injured by falling upon a sidewalk on the east side of Brindley street, in Ithaca, and from the sidewalk into an open space over which the sidewalk passed. The action was brought to recover damages for such injury. Brindley street became such by dedication forty years ago. Though but little used, enough was done by defendant to constitute an acceptance of the dedication. About ten years ago the street was occupied by railroad tracks, and since then has been but little, if at all, used as a highway.

The defendant had never built or ordered built any sidewalk along the street. But a year or more before this accident, one Turner, who owned a house and lot on the east side of Brindley street, built this sidewalk to enable his tenants to go thereby to and from State street. At the point where this accident occurred the side-walk was elevated three or four feet above an old cellar or excava-tion, into which plaintiff fell after first falling upon the sidewalk. It is conceded that defendant never aided or contributed to the building, maintenance or repair of this sidewalk, or of any other sidewalk at that place, nor had it ever ordered this or any other sidewalk to be built upon that street.

Under these facts, the defendant claims that the building of a sidewalk along Brindley street was within its discretion, and that it is not liable in a private action for omission to exercise discre-tionary functions for the benefit of the public at large. Or, to use the language of Judge DILLON (2 Mun. Corps., § 753), " Where a corporation has a discretion as to the time and manner of making corporate improvements, * * * a private action will not lie against the corporation for omitting or neglecting to act; and the reason is, that such powers are conferred to be exercised or not, as the public interest is deemed to require." (See cases cited in note 1 to the section; also, Wharton on Neg., § 260; *Hines* v. *The City of Lockport*, 50 N. Y., 236, affirming S. C., 5 Lans., 16; *Mills* v. *City of Brooklyn*, 32 N. Y., 489.)

The counsel for the plaintiff, by his brief, concedes that the board of trustees would not be liable for an actual determination of a matter within their judicial discretion, if injury resulted to any one thereby. But the learned counsel does not go far enough in the application of the principle.

By the defendants charter (title 6, § 1), the board of trustees have all the powers of commissioners of highways of town, and besides have the power to construct, etc., highways, sidewalks, drains and sewers in said village. (Laws of 1864, chap. 257, as amended in 1871, chap. 190; and 1875, chap. 237.) By the authorities cited, the power to do these things is of a judicial nature. The trustees may decide to do them or not, as in their judgment the public interests require. If the decision is not to build, or if no action whatever is taken, no liability can accrue to the corporation by the omission. If the decision is to build, and the work is done, the corporation becomes responsible for any negligence or unskillfulness in the manner in which it is done, and for any negligence in maintaining it in a safe condition thereafter.

In the present case no decision has ever been made to improve this street by the building of a sidewalk, and none has ever been built by the defendant or under its authority.

The act of Turner in building a walk to his tenant house from State street was his act, and not the act of defendant. It was not an obstruction to the street calling for the action of the trustees to remove it. It was not an illegal use of the street on the part of Turner to which defendant could object. If the work was unskillfully or negligently done, or if it was allowed to remain in an unsafe condition, it was not the fault of defendant. The defendant is not connected with the walk so as to create any liability by reason of its condition. A liability for negligence can be established against a municipality only by showing negligence, actual or constructive, by its officers or authority. In this case it is not shown.

The counsel for plaintiff contends that it is an absolute duty of a village or city to build sidewalks wherever it has streets. But such cannot be the law. The authorities exercise a discretion, judicial in its nature, having reference to the public benefit, and they cannot be made liable by the careless or heedless act of some third party who has chosen to do something for his own supposed benefit without infringing upon any right of the public. Upon the facts now presented we think the plaintiff was not entitled to recover.

Having reached this conclusion it is not necessary to consider the sufficiency of the evidence to justify the findings of fact.

The attorney for the plaintiff being a witness was on cross-exam-

ination asked how much of the judgment was to be his in case of success? An objection to the evidence was sustained and defendant excepted.

The exception was not well taken. *King* v. *N. Y. C. and H. R. R. R. Co.* (72 N. Y., 607, 611) holds that it was a collateral issue, and that in such case the extent of the cross-examination was in the discretion of the court.

The judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, costs to abide event.