In the Matter of the Estate of FRANCES ANZALONE, Deceased.

Surrogate's Court, Erie County, June 4, 1934.

*George Essrow*, for the petitioner.

*Winton H. Church*, for the administrator.

HART, S. The deceased, Frances Anzalone, died leaving as the only asset of the estate an industrial life insurance policy in the amount of $356. It seems that the claimant, Philip Anzalone, one of the sons of the decedent, unaware of the existence

of this policy, advanced toward the payment of the funeral bill $185. He now claims reimbursement against the estate.

The administrator, who is also the husband, invokes section 200 of the Surrogate's Court Act which reads: " If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband, or minor child or children:   *   *   *

" Money or other personal property not exceeding in value three hundred dollars *except, however, that the administrator or other representative of the estate may, where there are insufficient assets in the estate to pay the reasonable funeral expenses of the decedent. apply any such money or other personal property in the estate to pay any deficiency in the payment thereof.*"

The administrator claims that the italicized words in the above paragraph of said section give a discretionary authority to him, while the claimant contends that the word " may " should be construed as being mandatory with the same force and effect as the word " shall " or the word " must." It becomes a question of legislative intent. If the word " may " is to be construed as mandatory, then the full force and effect of the amendment is lost. If the Legislature intended in the event of insufficient assets to prefer the claim of the undertaker to the exemption for the benefit of the family, it could have done so very easily.

I, therefore, dismiss the petition for the payment of the claim of Philip Anzalone, in so far as it seeks to have such claim paid from the moneys due the husband as his personal exemption under section 200 of the Surrogate's Court Act, but without prejudice to claimant's right to payment from any assets of the estate.

Let a decree enter accordingly.