In the Matter of the Application of THE BUFFALO LIBRARY and Others, Petitioners, for a Peremptory Mandamus Order against GEORGE W. WANAMAKER and Others, as Councilmen of the City of Buffalo, Respondents.

Supreme Court, Erie County, February 20, 1937.

**28**

*Moot, Sprague, Marcy, Carr & Gulick* [*Daniel J. Kenefick, Eugene Warner, Helen Z. M. Rodgers* and *Lewis R. Gulick* of counsel], for the petitioners.

*Gregory U. Harmon, Corporation Counsel* [*John E. Livermore, Assistant Corporation Counsel*], for the respondents.

MALONEY, J. Petitioners move for a peremptory mandamus order directing the respondents, as members of the common council of the city of Buffalo, N. Y., to do certain acts in relation to providing funds for the use of the petitioners, the board of directors of the Buffalo Public Library and the trustees of the Grosvenor Library.

The facts relating to this inquiry are not in ·dispute, as they are practically all matters of public record. The proceeding, therefore, presents a clear question of law, and a peremptory mandamus is the appropriate remedy. (*People ex rel. Cayuga Nation* v. *Land Commissioners*, 207 N. Y. 42, 50.)

The Buffalo Library (originally named Young Men's Association of the City of Buffalo) was incorporated by chapter 47 of the Laws of 1837. The act was amended seventeen times. The particular amendments applicable to this case are chapter 16 of the Laws of 1897, chapter 3 of the Laws of 1898, chapter 353 of the Laws of 1927, and chapter 711 of the Laws of 1928.

The Grosvenor Library originated from a bequest contained in the will of the late Seth Grosvenor of the city of Buffalo for the purpose of establishing a free library in said city. Chapter 239 of the Laws of 1859 authorized the city to take and hold said bequest, provide for the management of the affairs of the library by trustees under the direction of the city. That act was amended or referred to by the Legislature ten times. Chapter 16 of the Laws of 1897, chapter 353 of the Laws of 1927, and chapter 711 of the Laws of 1928 are applicable to the decision of this case.

Prior to 1897 the Grosvenor Library was and is now operated and maintained by the city of Buffalo, as trustee, as a free public reference library. Prior to 1897 the Buffalo Library was operated and maintained by the Young Men's Association and the members thereof as a library. In 1897 the city of Buffalo and the Buffalo Library, being desirous of establishing a free public library system in the city of Buffalo, to be known as the Buffalo Public Library, entered into negotiations to that end.

Chapter 16 of the Laws of 1897 authorized the city and the Buffalo Library to enter into a contract to accomplish the contemplated purpose.

A contract was entered into between the city and the Buffalo Library on the 24th day of February, 1897, pursuant to chapter 16 of the Laws of 1897, viz.:

" § 4. The common council of the city of Buffalo is authorized to make all necessary appropriations for the care, management, maintenance, increase and extension of the Grosvenor library, the free public reference library of the city of Buffalo, and for all expenses incident to the proper care and management, maintenance, increase, extension and equipment of said Grosvenor library and its library building, subject to the limitation hereinafter provided.

" § 5. The common council of the city of Buffalo, for the purpose of carrying out the provisions of this act, is authorized to raise annually as a part of the general annual tax, a sum not less than three one-hundredths of one per centum and not more than five one-hundredths of one per centum of the total taxable assessed valuation of the property of the city of Buffalo. One-fifth of said amount shall be paid to the trustees of the Grosvenor library for the purpose of said library as hereinbefore specified, and four-fifths of said amount shall be paid to the trustees who by the terms of the contract between said Buffalo library and the city of Buffalo as hereinbefore provided in section two, shall have the control and management of the said printed books and pamphlets constituting the circulating library aforesaid."

The Buffalo Library fully complied with the terms of such agreement. The city fully complied with sections 4 and 5 of chapter 16 of the Laws of 1897 up to and including the adoption by the Legislature of chapter 353 of the Laws of 1927, which act authorized the city to raise the sum of not less than five one-hundredths of one per cent of the total taxable assessed valuation of the property in the city, and further stated that one-fifth of said amount " shall be paid to the Grosvenor Library and four-fifths to the Buffalo Public Library."

The city complied fully with the law, chapter 353 of the Laws of 1927, up to the adoption by the Legislature of chapter 711 of the Laws of 1928 involved in this proceeding:

" § 5. The common council of the city of Buffalo, for the purpose of carrying out the provisions of this act, is authorized to raise annually as a part of the general annual tax, a sum not less than five one-hundredths of one per centum of the total taxable assessed valuation of the property of the city of Buffalo. One-fifth of three one-hundredths of one per centum of such taxable assessed valuation shall be paid to the trustees of the Grosvenor library for the purposes of said library as hereinbefore specified and four-fifths of three one-hundredths of one per centum of said taxable

assessed valuation shall be paid to the trustees who by the terms of the contract between said Buffalo Library and the city of Buffalo as hereinbefore provided in section two, shall have the control and management of the said printed bound books and pamphlets constituting the circulating library aforesaid. The remaining two one-hundredths of one per centum of said taxable assessed valuation shall be paid to the trustees of said libraries in such amounts as the common council shall from time to time determine."

The city, in conformity with chapter 711 of the Laws of 1928, paid in full to such libraries the amounts directed to be paid by such act, up to and including the city fiscal year of 1935-36.

Appropriations for the petitioners, the Buffalo Library and the Grosvenor Library, were made by the council of the city of Buffalo for the city fiscal year 1936-37 in an amount less than five one-hundredths of one per cent of the assessed value of the taxable property in the city, as shown by the total of the assessed value of the taxable property in the city of Buffalo for the year 1936-37, and an amount less than the five one-hundredths of one per cent aforesaid was raised, and the city has collected in taxes for the libraries an amount less than provided by the Laws of 1928, and has refused to pay to such libraries the sum of five one-hundredths of one per cent of the total of its assessed taxable property as aforesaid.

The respondents urge that the provision respecting one-fifth of five one-hundredths of one per cent of its taxable assessed valuation, in so far as that portion relates to the Grosvenor Library contained in chapter 16 of the Laws of 1897, is unconstitutional.

The title of the act reads: " AN ACT to amend chapter forty-seven of the laws of eighteen hundred and thirty-seven, entitled ' An act to incorporate the Young Men's Association of the City of Buffalo,' as amended by chapter three hundred and ninety-three of the laws of eighteen hundred and eighty-six, in relation to a free public library in the city of Buffalo, and to authorize appropriations therefor."

It is the claim of the city that that part of the act hereinabove referred to is invalid in that the Constitution of the State of New York provides, section 16, article 3, as follows:

" § 16. Private and local bills not to embrace more than one subject. No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

Immediately prior to the passing of the enabling legislation authorizing the contract between the city and the library, there was but one free public library in the city of Buffalo, viz., the Grosvenor Library, which was then and is now held by the city

as trustee. This library was and is a free public reference library, not a circulating library.

The city, prior to the passage of the enabling act of 1897, was providing funds for maintenance, etc., of said Grosvenor Library.

Had the title of the act now claimed to be unconstitutional read " In relation to free public libraries in the city of Buffalo," rather than " to a free public library in the city of Buffalo," no question would have been raised that any part of such act was unconstitutional.

The city, as trustee, is the owner of both libraries. They are operated and maintained by the city as part of a free public library system, and have been so operated, one since and the other prior to 1897. It is difficult to understand a claim that the title of the act in question is in violation of the Constitution, where the trustee in each instance is the city. It seems logical, therefore, to assume that the act referred to a free library system in the city of Buffalo.

The city having accepted chapter 16 of the Laws of 1897 and entered into a contract with the Buffalo Library authorized thereby and received substantial benefits thereunder, continuing to this day, cannot now attack the constitutionality of a part of that act because of any claimed defect in the title.

A defect in the title of an act may be obviated or cured by a subsequent act dealing with the same subject-matter which is properly expressed in the title of such subsequent act. (*Matter of N. Y. Elevated R. R. Co.*, 70 N. Y. 327, at p. 336.)

Indeed, subsequent acts of the Legislature were adopted amending the act of 1897 in relation to raising moneys for libraries in the city of Buffalo. One of the amending acts, chapter 353 of the Laws of 1927, relates to distribution of moneys raised by tax for certain libraries of the city of Buffalo.

An estoppel may arise against a municipality the same as any other person. (*Vermeule* v. *City of Corning*, 186 App. Div. 206; affd., 230 N. Y. 585; *Moore* v. *Mayor*, 73 id. 238.)

In my opinion, no part of chapter 16 of the Laws of 1897 is unconstitutional.

It is urged by the city that the provisions of chapter 711 of the Laws of 1928, in relation to two one-hundredths of one per cent of the taxable assessed valuation, grant discretionary authority to use public funds for library purposes, and do not create a mandatory legal obligation of the city.

In my opinion, if the council makes any appropriation for this purpose they are mandated by chapter 711 of the Laws of 1928 to appropriate not less than five one-hundredths of one per cent of the total taxable assessed valuation of the property of the city of Buffalo.

The authority to appropriate money is conferred upon the council by the act aforesaid, and the council has no authority to raise annually, as a part of the general annual tax, for the library in question a sum less than five one-hundredths of one per cent of the total taxable assessed valuation of the property of the city.

Therefore, the amount authorized to be levied and collected being fixed at not less than five one-hundredths of one per cent, the council may not raise less than that amount when it appropriates moneys for the libraries.

This act has been so construed by the city prior to the fiscal year 1936–37, and the council has appropriated and paid not less than five one-hundredths of one per cent of the total taxable assessed valuation of the city.

It has accepted the benefits of the contract; has, indeed, as trustee of both libraries, completed a library system, with community branches throughout the city, giving circulating and reference library service to its citizens.

The court realizes fully that in periods of depression the council, as well as other legislative bodies of municipal corporations, has difficulty in meeting the demands made upon it for appropriations, particularly in view of its lessened income. No criticism can be made of elected officials attempting to keep the city's expenditures within the income of the city. That is praiseworthy.

However, in view of my construction of the act, when an appropriation so authorized is made by the council, the members thereof are obligated to appropriate an amount not less than that fixed by the statute.

As to that portion of the act, section 5 of chapter 16 of the Laws of 1897, as amended by chapter 711 of the Laws of 1928, relative to the distribution of two one-hundredths of one per cent of said taxable assessed valuation, the council has a discretionary power limited, however, to the proportion in which such sum of two one-hundredths of one per cent shall be distributed to each library, and when such proportionate determination is made by the council, in their good judgment and discretion, it is binding and effective as to the percentage allotted to each of the libraries.

In 1 McKinney's Statutes, Statutes and Statutory Construction, in section 13, it is said: " It is a familiar rule, that where a statute clothes a public officer or body with power to do an act which concerns the public interests or the right of individuals, though the language of the statute is merely permissive, it will be construed as imperative, and the execution of the power may be insisted upon as a duty."

An act authorizing municipal authorities to repair or maintain highways or bridges, or to construct and maintain sewers, will be

construed as imperative, though the language is permissive in form. (*Hutson* v. *Mayor, etc., of New York,* 9 N. Y. 163; *People* v. *Clarke,* Id. 349; *Hines* v. *City of Lockport,* 60 Barb. 378; affd., 50 N. Y. 236; *Phelps* v. *Hawley,* 3 Lans. 160; affd., 52 N. Y. 23; *Mayor, etc., of New York* v. *Furze,* 3 Hill, 612.)

Where supervisors of a county were "authorized" to audit a claim for a highway bridge constructed in good faith under contract with town authorities, the obligation to maintain the bridge being thereafter determined to have rested upon the county, the statute, though permissive in form, was held to be mandatory. (*People ex rel. Conway* v. *Board of Supervisors of Livingston County,* 68 N. Y. 114.)

Whenever a positive duty, as distinguished from a discretionary power, is intended to be imposed, a statute will be construed as mandatory, though in form permissive. (*Hagadorn* v. *Raux,* 72 N. Y. 583, 586.)

Thus, where the Commissioners of the Land Office were "empowered" to adjust a claim of the Cayuga Nation of Indians "on a basis not exceeding the sum of $247,609.33" and interest, the court said: "It is an old and well recognized rule of statutory construction that, when the act to be done concerns the public interest, or the rights of third persons, permissive words conferring power, or authority, upon public officers, or bodies, will be construed as mandatory. (*Mayor, etc., of N. Y.* v. *Furze,* 3 Hill, 612; *People ex rel. Otsego County Bank* v. *Supervisors of Otsego County,* 51 N. Y. 401; Potter's Dwarris on Statutes, 220.) This act imposed upon the Commissioners of the Land Office a duty to exercise the power conferred and, however permissive in form the words of the statute, they conveyed the legislative command, not to pass upon the legality of the claim, but to settle it at a just sum. The Commissioners of the Land Office were required to act ministerially and not judicially. The justice of the claim was admitted and the Commissioners were constituted agents for its settlement. This application was to compel the Commissioners of the Land Office to perform the duty imposed by the statute, by taking 'steps towards a settlement of the claim.' This was quite a proper use of the writ of mandamus; whose 'primary object,' as was said by Judge VANN in *People ex rel. Harris* v. *Commissioners of the Land Office* (149 N. Y. 26), 'is to compel action.' Its purpose was to set the Commissioners in motion, without directing the manner of their performance or the amount to be allowed." (*People ex rel. Cayuga Nation* v. *Land Commissioners,* 207 N. Y. 42, 50.)

Prepare order granting peremptory order accordingly, without costs, as to each of respondents.