In the Matter of the Estate of ELMER E. VOSBURG, Deceased.

Surrogate's Court, Wayne County, May 19, 1938.

*James P. Thompson,* for Catherine I. Vosburg, as administratrix, etc.

*John W. Brandt,* for Leora Creque, daughter, distributee.

GILBERT, S. The administration of the decedent's estate has been marked by a number of contested proceedings, caused probably by reason of the strained relations between the administratrix, the widow of decedent, and Leora Creque, a daughter of the decedent by a former marriage. The decedent left a very modest estate and, on this accounting proceeding, it develops that there are not sufficient assets, even after the sale of a parcel of real estate, to pay funeral and administration expenses and allow to the widow the full exemptions specified in section 200 of the Surrogate's Court Act.

A short statement of the facts is proper to understand the true situation.

For some time prior to his death the decedent was not living with his wife, the administratrix here, although the separation seems to have been a more or less amicable separation. For some little time prior to his death the daughter of decedent by a former marriage, one Leora Creque, had been taking care of the decedent either in the decedent's own home in Wolcott or at the daughter's home in Newark. Upon the death of the decedent the daughter arranged with the undertaker for her father's burial. No question is raised that the amount of the funeral expense is unreasonable. The bill amounts to $315. After paying the administration expenses and the commissions of the administratrix there is left $139.39 to pay the funeral bill, a deficiency of $175.61. Among other exempt property there was set off to the widow under subdivision 4 of section 200 the sum of $300 and this court is asked to direct that from this amount there be taken a sum sufficient to pay the deficiency in the undertaker's bill.

Two questions arise: (1) Is there authority for the court to make such an order, and (2) if there is authority, is this a proper occasion in which to exercise it?

Taking up the second question first, it would seem that the facts in the present case would warrant exercise of the authority if it exists. The decedent and his wife, the present administratrix, were living apart from one another, each apparently having sufficient means or ability to take care of himself or herself. The widow has received the other exemptions to which she is entitled under section 200; she has received her commissions as administratrix, and she has received the value of her dower right in the real estate which it was necessary to sell. In fact, she is the only distributee who has received anything or will receive anything, as there will be nothing left for distribution. She has property of her own and it does not appear that she was in need of the exemptions which were set aside for her and to which she is entitled under the law. The

daughter, Leora Creque, ordered the funeral and is possibly legally bound to pay any part of the cost thereof which is not paid by the estate. This, even though she will receive nothing and it was incumbent upon her to take charge of matters upon her father's death. In the absence of a contract otherwise, certainly the legal liability for the cost of decedent's funeral expenses in the event of a deficiency in his estate is primarily on the surviving spouse and not the children.

The law recognizes the right of a decedent to suitable burial and will enforce the obligation to pay the cost thereof on those who properly should pay the cost. To that extent the public interest is involved.

Certainly it is hard to conceive of a more equitable state of facts than those existing in the present case under which the court should exercise its authority, if any exists, to, make the order asked for.

Taking up the question as to the authority of this court to order the administratrix to apply a part of the exemption specified in subdivision 4 of section 200 of the Surrogate's Court Act in making up a deficiency in the funeral bill. It is contended by the attorney for the administratrix that the apparently discretionary power given to the representative of an estate to take such action is purely personal to the representative and not subject to the control of the court. The administratrix bases this contention on the strict wording of the section and on the ground that exemptions set up by the statute for the benefit of a widow and minor children have never been subject to charges against the estate or considered to be assets of an estate.

It must be borne in mind that a representative appointed to administer an estate is in effect the agent of the court and is not acting in a personal capacity. In a sense, he is a public officer subject to the control of the court. Throughout the Surrogate's Court Act may be found many provisions where the word " may " is used. Where the word is used to denote a choice of procedure not affecting the right of any party in interest, there can be little doubt but that the word carries no mandatory meaning. Where substantial interests are affected however, the word " may " when used in a statute is generally construed to mean " must."

It has been frequently held and is a well-settled rule of construction that where a statute clothes a public officer or body with power to do an act which concerns the public interests or the right of individuals, though the language of the statute is merely permissive, it will be construed as imperative, and the execution of the power may be insisted upon as a duty. (McKinney's Consoli-

dated Laws, vol. 1, Statutes and Statutory Construction, § 13; *People ex rel. Conway* v. *Board of Supervisors*, 68 N. Y. 114; *People ex rel. Otsego County Bank* v. *Board of Supervisors*, 51 id. 401; *Matter of Buffalo Library* v. *Wanamaker*, 162 Misc. 26.)

Even though the power is held to be discretionary, it is not the discretion of the representative personally but that of the agent or representative of the court which is exercised, and subject to the control of the court.

The amendments to the provisions of the Code and the Surrogate's Court Act since 1914 have made extensive changes in the provision for exemptions to a widow and minor children in the estate of a decedent. The purpose is very laudable and the changes have been made necessary by the changed conditions of modern life. The amendments going into effect on September 1, 1930, materially increased the value of the exemptions and, referring to subdivision 4 of section 200 of the Surrogate's Court Act, increased the value of the money or other property exempt from $150 to $300. Up to that date the exemption enumerated in subdivision 4, as are the exemptions enumerated in the other subdivisions of section 200, was an absolute exemption without any qualifications. Chapter 486 of the Laws of 1932 amended subdivision 4 by adding the qualification in reference to a deficiency in assets to pay funeral expenses. From that date the exemption enumerated in subdivision 4 has no longer been an absolute unqualified exemption but is subject to the power of the representative of an estate to apply the money or other property to the payment of reasonable funeral expenses of the decedent.

If the power given was to be exercised or not, solely at the whim of the representative, the purpose of the statute would in a great majority of cases be defeated. In cases of intestacy, where there is a surviving spouse, that spouse is first entitled to letters. The exemption is for his or her benefit. Is it a reasonable construction of the statute to hold that the surviving spouse, irrespective of any means he or she may have of his own, or irrespective of the equities which may exist in the particular case, may arbitrarily refuse to apply the conditional exemption specified in subdivision 4, or any part of it, toward a deficiency in funeral expenses? Or is it a reasonable construction of the statute that the use or failure to use the power is a matter solely in the discretion of the surviving spouse without being subject to the control of the Surrogate's Court in a proper case? I think this would be a very strained construction of the statute and certainly not in harmony with the other provisions of the Surrogate's Court Act whereby the adminis-

tration of an estate by a representative appointed by the court is at all times subject to the direction of the court.

The question of what is meant by the amendment of 1932 to subdivision 4 of section 200 of the Surrogate's Court Act seems only to have been directly passed upon in two reported cases. In *Matter of Anzalone* (151 Misc. 716) the surrogate of Erie county held the authority given to be a matter of discretion and not mandatory and in that case dismissed the claim to have any part of this exemption used for funeral expenses. The decision does not show what, if any, equities may have existed or any of the surrounding circumstances. The decision seems merely to hold that the matter is one of discretion with the representative of the estate but does not pass upon the power of the Surrogate's Court to review the exercise of the discretion. In *Matter of Schoenfelder* (161 Misc. 654) the question involved here is not passed upon except that the surrogate in that case held that the exemption granted by subdivision 4 was subject to the condition that the assets of the estate were sufficient to pay the funeral expenses.

The questions raised in the present case have not been before an appellate court and will doubtless remain unsettled until such a review. However, when the apparent purpose of the amendment of 1932 is considered, and in view of the fact that the previous absolute exemption contained in subdivision 4 has been changed to a qualified exemption, it seems to be only in harmony with the provisions of the Surrogate's Court Act that this section should be construed to mean that the representative shall exercise the power in a proper case and that his action is subject to the control of the Surrogate's Court.

As the facts in the present case bring it within the provisions of the section, and as the equities demand that the administratrix exercise the power given to her by the section, an order may be entered directing the administratrix to pay from the $300 set aside by her under subdivision 4 of section 200 for the benefit of the widow the amount of the deficiency in assets necessary to pay the funeral bill.