THE ALBANY CITY NATIONAL BANK, Respondent, *v.* THE CITY /27-58.
OF ALBANY, Appellant.

Certain accounts for repairs to the " City Building," and for articles furnished
defendant were presented to and audited by its common council, and by
resolution ordered to be paid. The common council had power to make
the repairs and to purchase the articles. In an action upon the
accounts, *held,* that the action of the common council not having been
rescinded, it was conclusive recognition of the liability of the city, and
precluded it from defending on the ground that it was not originally bound
to pay because the indebtedness was incurred without previous authority.
The work was done and articles furnished by direction of individual mem-
bers of the common council, who were not authorized to bind the city or
contract debts on its behalf. The accounts, when presented, were re-
ferred to the proper committee, and were reported back with a certificate
to each to the effect that the committee had examined the account, that
the prices charged were reasonable, and that the expenditure " was duly
authorized by the common council," and thereupon that body audited the
accounts. *Held,* that assuming the city could only be charged on proof
or ratification, the evidence justified a finding of such ratification ; that
the common council was chargeable with knowledge of its own records,
and this although there had been a change in the individuals composing
that body ; and, therefore, it was to be assumed that, in acting upon the
bills, it knew the indebtedness had not been authorized by any reso-
lution, and that it acted independently of the statement in the certificates,
and in auditing and directing payment of the bills, intended to adopt
the transactions out of which the indebtedness arose.
Also *held,* that a clause in the city charter (§ 16, chap. 305, Laws of 1877),
prohibiting any member of the common council from incurring any ex-
pense in behalf of the city for repairs or supplies unless previously
ordered by the common council, did not limit the legislative power of
that body, or prevent the city from paying a debt so incurred.

(Argued April 19, 1883 ; decided May 1, 1883.)

APPEAL from judgment of the General Term of the Supreme
Court, in the third judicial department, entered upon an order
made February 10, 1882, which affirmed a judgment in favor
of plaintiff, entered upon the report of a referee.

This action was brought by the plaintiff as assignee upon
certain bills for services rendered and materials furnished by

different persons for the city of Albany, in making repairs on the " City Building," to fit it for use as a city hall, after the City Hall had been consumed by fire.

It was admitted on the trial that the services were rendered and articles furnished, and it was found by the referee that they were rendered and furnished in putting in repair the " City Building " and furnishing it for use, and that the prices charged were reasonable.

In May, 1878, the common council, by resolution, authorized and directed the committee on public buildings to cause necessary repairs to be made to the City Building, and in February, 1880, said committee was authorized to fit up rooms for the city officers, who were left without office room by the burning of the City Hall. Most of the work was done and materials furnished prior to the last resolution. Each of the bills in question had been presented to the common council and referred to the committee on public buildings, and reported on favorably, and a certificate of the committee was indorsed on each bill in the following words:

" This is to certify that we have examined the within account, and find that the prices charged therein are reasonable, and that the expenditure was duly authorized by the common council."

On the 7th, 9th, 12th and 14th days of June, 1880, resolutions were severally passed by the common council ordering the bills to be paid, which order of payment was duly certified on each bill and signed by the clerk of the common council. Each of the resolutions ordering payment was subsequently approved by the mayor.

It appeared that the committee on public buildings did not, as a body, order the work done or the articles charged to be furnished, but that they were ordered by individual members of the committee, in some cases against the protest of other members.

Further facts appear in the opinion.

*R. W. Peckham* for appellant.   The acts of one member

of a committee were incapable, in this instance, of ratification by the common council. (*Peterson* v. *Mayor*, 17 N. Y. 449 ; *Martin* v. *Zellerbach*, 38 Cal. 300.)    If it be conceded that a ratification of the void act of the committeeman could be made, the facts in this case utterly fail to show any legal ratification.    (Dill. on Mun. Corp. [3d ed.] 296, § 283, note; *Astor* v. *Mayor*, 62 N. Y. 567, 580; *Seymour* v. *Wyckoff*, 10 id. 213, 224 ; *Peterson* v. *Mayor*, 17 id. 449 ; *Ritch* v. *Smith*, 82 id. 627 ; *Adair* v. *Brimmer*, 74 id. 539 ; *Van Schaick* v. *Ins. Co.*, 68 id. 434; *Partridge* v. *Ins. Co.*, 17 Hun, 95; *Lancey* v. *Bryant*, 30 Me. 463.)    There is no liability attaching to the city by reason of using the materials, etc., in the building. (*McDonald* v. *The Mayor*, 68 N. Y. 23; 1 Hun, 719 ; *Parr* v. *Greenbush*, 72 N. Y. 463; *Dickinson* v. *Poughkeepsie*, 75 id. 65; *Alexander* v. *Cauldwell*, 83 id. 480.)

*Amasa J. Parker* for respondent.    It was not necessary to the validity of this claim that it should have been previously authorized by the common council. (*McCloskey* v. *City of Albany*, 7 Hun, 472 ; *Peterson* v. *Mayor of New York*, 17 N. Y. 449 ; *Nelson* v. *Mayor*, 63 id. 536.) If the work was done and materials furnished, it would be enough to present their bills, and if the common council audited and approved them and ordered them paid, and the mayor also approved, it would be a binding ratification.    A mere irregularity in a previous step would be immaterial. (*Moore* v. *Mayor*, 73 N. Y. 238; *Brown* v. *Mayor*, 55 How. Pr. 11.)

*Per Curiam.*    We think the judgment should be affirmed. *First.* It is conceded that the common council had power to make the repairs and to purchase the articles, the making and furnishing of which constitute the claims in this action, and to contract debts therefor, binding upon the city.    The several bills were presented to the common council, and were duly audited, and by resolution approved by the mayor, they were ordered to be paid.    This was a legislative act within the legislative power of the common council.    It is also conceded that

the work and materials specified in the bills of particulars to which the audit related was done and furnished, and that the prices charged were reasonable. The defense is based upon the ground that the work was done and the materials furnished without any previous authority of the council, but (as appears) under the authority of individual members of the council, not authorized to bind the city or to contract debts in its behalf. The action of the city in auditing the accounts and directing their payment, not having been rescinded, is we think a conclusive recognition of the liability of the city, and precludes it from defending on the ground that it was not originally liable to pay the debts in question.

*Second.* Assuming that the city can only be charged upon proof of ratification of the unauthorized acts of the individual members of the council who ordered the work and made the purchases constituting the claims in question, we think the evidence justifies the finding that the city ratified the unauthorized transactions. The bills were presented to the council and were referred, as may be assumed, to the proper committee, and were reported back with a certificate of the committee indorsed on the bills respectively, to the effect that the committee had examined the account to which the certificate related, and found that the prices charged were reasonable, and that the expenditure " was duly authorized by the common council." The council thereupon audited the bills and by resolution directed their payment as above stated. It is claimed that this did not constitute a ratification, for the reason that it was not true, as reported by the committee, that the expenditure had been authorized by the council, and that, so far as appears, the council acted in ignorance of this fact.

The defendant relies upon the rule that to constitute a ratification by a principal of the act of an assumed agent acting without authority, it must appear that all the material facts were known to the principal at the time of the alleged ratification. The difficulty in the application of this rule here is that there is no reason to infer that the council, in auditing the bills and directing their payment, relied upon the fact stated

in the report of the committee that the expenditure had been duly authorized by the council, but on the contrary it is a just inference from the circumstances that it acted independently thereof and without reference thereto. It is claimed by the learned counsel for the defendant that no part of the indebtedness had been authorized by any resolution of the council. This is not, perhaps, true, to the full extent of the claim. But it is true as to a part of the work and materials constituting the indebtedness claimed, and this was ascertainable at the time by a comparison of the resolutions of the council appearing on its records, with the items in the bills. The common council was chargeable with knowledge of its records. A mere change in the individuals which compose the common council does not destroy the continuity of the body, or relieve it from the presumption of knowledge of the official acts appearing of record of a former council. It is clear, therefore, that as to the part of the indebtedness, for the creation of which no authority whatever had been given by the council, the council is chargeable with knowledge of the fact, and cannot be deemed to have relied upon the statement mistakenly made in the certificate.

The other part of the indebtedness was authorized by the resolution of May 27, 1878, that is to say, that resolution authorized and directed the committee on public buildings to make repairs of the same character as those which the claimants were employed to make. The defect was that the work, instead of being ordered by the committee collectively, was ordered by one or more members thereof, without any action of the committee as such, and in some cases against the protest of other members. In a sense the certificate of the auditing committee as to the fact of the indebtedness was true. The expenditure was ordered to be made by the common council, but the requirement that it should be made under the direction of the committee, as such, was not followed. It is a reasonable inference from the circumstances that the council, in auditing the bills and directing their payment, intended to adopt the transactions out of which the indebtedness arose, and that

it did not rely upon the particular fact stated in the report of the auditing committee, that the expenditure had been previously authorized by the council. As to part of the bills, the council, as has been said, is chargeable with knowledge that the fact was not true, and as to the other bills it was true *sub modo*. It appears, moreover, affirmatively, that when the bills were reported back by the committee, the only thing said was that the committee reported the bills and recommended payment. The clause in the charter, prohibiting any member or members of the common council to incur any expense in behalf of the city for repairs or supplies, unless previously ordered by the common council, does not limit the legislative power of the council, or prevent the city from paying a debt for work, labor or supplies of which it has received the benefit, although it was originally created under the direction of a member or members of the council, in excess of his or their authority. (*Peterson* v. *The Mayor*, etc., 17 N. Y. 449.)

We think the judgment should be affirmed.

All concur.

Judgment affirmed.