(87 Misc. Rep. 432.)

SHEEHAN v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. March, 1902.)

MUNICIPAL CONTRACTS—EMERGENCY—LIABILITY OF CITY.

Laws 1897, c. 378, § 618, prescribes the manner in which the park board shall award contracts, and provides that in case of emergency each commissioner may purchase articles immediately required without calling for competition at an expense not exceeding $1,000 during any one month; and section 419 provides that no expenditures for supplies shall be made for which no contract is required, unless the necessity therefor be certified to by the head of the appropriate department, and the expenditure has been duly authorized. *Held*, that a person who, in immediate possibility of frost, furnished material to the amount of $182, to be used on a greenhouse in a public park, on an order of the superintendent of parks and the approval of the chief engineer, may recover the same from the city.

Action by John R. Sheehan against the city of New York to re-
cover for certain material furnished by plaintiff for the foundation
of one of defendant's greenhouses. Judgment for plaintiff.

Sheridan S. Norton, for plaintiff.
George L. Rives, Corp. Counsel (John F. O'Brien, of counsel),
for defendant.

STECKLER, J. The action is to recover $182, the value of cer-
tain material furnished by plaintiff for the foundation of one of
defendant's greenhouses in Prospect Park, borough of Brooklyn.
The defendant admits that the material was furnished in an emer-
gency, that it has been used by the city, and that its value is the
sum demanded in the complaint; but disclaims liability because
under the charter of 1897, which was in effect when the alleged
cause of action accrued, it was provided (section 419) that "no ex-
penditure for work or supplies involving an amount for which no
contract is required (less than $1,000) shall be made, except the
necessity therefor be certified to by the head of the appropriate
department, and the expenditure has been duly authorized and ap-
propriated." Laws 1897, c. 378. No such certificate is produced,
nor has any appropriation for the expenditure been proved. The
plaintiff contends, however, that section 618 of the same charter is
controlling in this controversy. That section refers specially to the
park board, prescribes the manner in which the board shall award
contracts, and provides that, "in case of an emergency each com-
missioner may purchase articles immediately required without call-
ing for competition at an expense not exceeding one thousand dol-
lars during any one month." Section 419 applies generally to the
city and its several departments, while section 618 refers specially
to the park department; and, as between the two, if inconsistent, the
special provision must control in this action. Section 419 does not,
in terms, refer to emergency cases, and the fact that the value of
certain labor or material furnished the city is less than $1,000 does
not establish that such work or material is furnished in an emer-
gency. An emergency is "a sudden or unexpected happening, an
unforeseen occurrence or condition" (Cent. Dict.); for which, there-
fore, it cannot be required that the preliminary steps prescribed in
section 419 shall have been taken. And in this case the emergency
arose because of the fact that a heavy frost would have probably
destroyed defendant's plants if plaintiff had not furnished the ma-
terial. Moreover, section 617 of the charter of 1897 provides that
each commissioner of parks shall, on or before the 1st day of Sep-
tember in each year, prepare an itemized estimate of his necessary
expenses for the ensuing fiscal year, and present the same to the
board of parks; that the estimate so prepared, revised by the board,
shall constitute the annual estimate of the department of parks,
and be submitted to the board of estimate and apportionment; that
no commissioner shall incur any expense for any purpose in excess
of the amount appropriated therefor, nor shall he expend any money
so appropriated for any purpose other than that for which it was

appropriated. And section 618 follows, part of which section provides for emergency cases, as before stated. An estimate cannot be made for something unforeseen, and there could, therefore, be no appropriation for the particular expense in question. An intention is thus apparent to distinguish emergency from other cases of municipal expenditures for the park department. The commissioner of parks, however, did not order the material from plaintiff. It was ordered by the superintendent of parks of the borough of Brooklyn, and approved by the chief engineer of the department of parks in said borough. These officials, in the transaction with plaintiff, performed a duty which devolved upon the commissioner; for the statute (Charter 1897, § 612) made the commissioner responsible for the care of the park, and such care would not have been exercised if the plants placed in his charge were allowed to be damaged by frost. It seems to me that the technical objection that the contract was not made with the proper person should not, under the circumstances, be sustained.

In Abells v. City of Syracuse, 7 App. Div. 501, 40 N. Y. Supp. 233, the court, having stated "the well-known principle that a municipal corporation finds the measure of its power in the statute creating it or imposing the power" (McDonald v. Mayor, etc., 68 N. Y. 23, 23 Am. Rep. 144), said:

"This principle has been invoked in many cases of local improvements in cases where fraud was apparent and collusion manifest between the corporation officers and the contractors; and when, under the guise of extra work, they have sought to avoid the publicity of advertising for work and material, the courts have been careful to protect the people from such fraudulent contracts and contrivances, and hold the municipality strictly to its statutory duties and obligations; but in other cases, like the one at bar, where the corporation has received a substantial benefit, and retained such benefit, and the work was necessary in carrying out the contract, either as extra work or to meet exigencies which were unforeseen when the contract was entered into, the courts have been more lenient in their construction of corporate powers upon principles of equity."

And in Moore v. Mayor, etc., 73 N. Y., at page 248, 29 Am. Rep. 134, the court said:

"When there has been a bona fide performance of a contract, of which the city has had the benefit, there is a strong equity in favor of the contractor seeking his pay, entitling him to the benefit of a ratification even of a void contract upon slight evidence, if the ratifying body has general power over the subject of the contract, and of an estoppel when an estoppel fairly results from the conduct of the general agents of the city."

See, also, North River Electric Light & Power Co. v. City of New York, 48 App. Div. 14, 62 N. Y. Supp. 726; Harlem Gaslight Co. v. Mayor, etc., of City of New York, 33 N. Y. 309.

There must be judgment for plaintiff, with costs. Judgment for plaintiff, with costs.