### BERNSTEIN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

HEALTH (§ 16*)—BOARDS OF HEALTH—POWER OF COMMISSIONER OF HEALTH TO CONTRACT.

    Greater New York Charter (Laws 1901, p. 500, c. 466) § 1174, authorizing the board of health to enact such by-laws and regulations as it may deem advisable, etc., for the regulation of the action of the board, its officers, and agents, vests in the board the power to authorize the commissioner of health to act for it in making a contract with an architect for plans for an addition to a hospital, and such a contract made by him in conformity with the power delegated to him would be the contract of the board and binding upon the city, and it is not necessary that the contract result from competitive bidding or be in writing.

    [Ed. Note.—For other cases, see Health, Cent. Dig. §§ 13, 14; Dec. Dig. § 16.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Michael Bernstein and another against the City of New York. Judgment of dismissal, and plaintiffs appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

William L. Bowman, for appellants.

Theodore Connoly (Terence Farley, on the brief), for respondent.

RICH, J.   The plaintiffs brought this action to recover the agreed value of their services as architects in making plans, specifications, and drawings for the erection of a kitchen building at the Kingston Avenue Hospital, under a contract alleged to have been made by the defendant, acting through the department of health and the president of the board of health.   Upon the trial, and before any evidence was given, counsel for the defendant stated that the contract upon which the action was based was not in writing, and was made by the plaintiffs with Commissioner Darlington; that the board of health was composed of three persons—the commissioner of health, the police commissioner and the health officer of the port—and moved to dismiss the complaint upon the ground that the pleading failed to state facts sufficient to constitute a cause of action, in that the only contract that could be proved, which would be a basis for the recovery of architects' fees, would be one made pursuant to a resolution of the board of health, which alone had power to contract therefor in connection with the erection of buildings.   This motion was granted, and from the judgment accordingly entered the plaintiffs appeal.

It was error to grant the motion at that stage of the case.   The complaint alleged a contract with the defendant, acting by its department of health and the president of the board of health of the health department.   In support of this allegation, it was competent to show that the commissioner of health, who was the president of said board, was authorized to make the contract in question by a resolution of the board of health, duly adopted, or that such contract, if made by the commissioner of health, acting on his own authority, was subsequently adopted, ratified, and made a legal contract by such board. By section 1174 of the Greater New York charter (Laws 1901, p. 500, c. 466) the board of health is authorized to enact such by-laws, rules, and regulations as it may deem advisable, in harmony with and not inconsistent with the other provisions of the charter, "for the regulation of the action of said board, its officers and agents, in the discharge of its and their duties, and from time to time may alter, annul or amend the same."   This section vests in the board the power to authorize the commissioner of health to act for it in making such contracts, in which event a contract made by him, in conformity with the power delegated him, would be the contract of the board, and binding upon the defendant, and it was not necessary that such contract should result from competitive bidding or be in writing.   Horgan & Slattery v. City of New York, 114 App. Div.

555, 100 N. Y. Supp. 68; Harlem Gaslight Co. v. Mayor, 33 N. Y. 309.

The judgment must be reversed and a new trial granted, costs to abide the event. All concur.

Judgment reversed and new trial granted, costs to abide the final award of costs. All concur.

