### 3953. WILSON *v.* NEWTON COUNTY.

1. Where private property is depreciated in value as the direct consequence of the abandonment by the county authorities of a public road leading by the property, affording convenient and easy access thereto, the owner may recover to the extent of the injury thus caused.

2. Admissions made by a party in his pleadings, pertinent to the issues involved, are admissible as evidence, although he has withdrawn the pleadings containing the admissions.

3. The questions raised by the evidence should have been submitted to the jury, and the judgment of nonsuit was erroneous.

DECIDED DECEMBER 10, 1912.

Action for damages; from city court of Covington—Judge Thurman presiding. December 12, 1911.

*Rogers & Knox,* for plaintiff in error.

*R. W. Milner,* contra.

HILL, C. J. J. O. Wilson sued the County of Newton, to recover for damage to his property, alleged to have been sustained by the abandonment of the public road which for many years led alongside his farm, and the locating of the public road some distance away from his farm, preventing convenient ingress and egress. The trial judge awarded a nonsuit.

It is well settled that since the constitution of 1877, if private property is damaged by the construction of roads or any improve-

ment of a public character, the owner is entitled to recover damages therefor, either direct or consequential. *Elbert County* v. *Swift*, 2 *Ga. App.* 47, and cases cited. If the plaintiff proved his allegations, he was entitled to recover damages to the extent of any diminution in the market value of his land, caused by the changed location of the public road. *Id.* Several reasons are given by the defendant in error in support of the judgment of nonsuit. First, it is insisted that the evidence shows that the old public road was not in fact abandoned, but was still left open and worked by the county, but that the county had simply laid out another road for the public use and convenience and that the old road was not only continued, but that, in order to prevent any possible injury to the plaintiff, the county had cut a road about twelve feet wide from the new road to his farm, giving him ample ingress and egress. It is also insisted that the plaintiff made no objection whatever to the location of the new road, but consented to the change and assisted in locating the new road. The foregoing reasons are stated by the trial judge as the basis of his judgment of nonsuit.

We have carefully examined the evidence and can not concur in the view that these questions are so free from doubt as to warrant a nonsuit. It seems to us that each one is clearly issuable, and required submission to the jury. It is also contended that plaintiff's cause of action was barred by the statute of limitations. All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred. Civil Code (1910), § 411. The evidence is not clear as to the exact date when the cause of action arose, or when the damages actually accrued. The new road was constructed in 1909, but the old road was not completely abandoned by the public until 1910, when the bridge on the old road across Snapping Shoals creek was nailed up by the county authorities and made the public use of the old road impossible. The plaintiff offered to prove by admissions that the defendant received notice of the claim for damages within the twelve months. These admissions were contained in the answer originally filed by the defendant, but which the court had permitted the defendant to withdraw. The trial judge refused to allow the introduction of this evidence. We think this was error. Admissions in pleadings are admissible, whether withdrawn or not. *Shingler* v. *Bailey*, 135 *Ga.* 666; *Tison* v. *South Georgia Ry. Co.*,

8 *Ga. App.* 91; *Board of Education* v. *Day,* 128 *Ga.* 168; *Lamar* v. *Pearre,* 90 *Ga.* 385. But aside from this, the evidence was not at all clear as to when the statute of limitations began to run. It would seem that the damages for abandoning the old road could not have accrued so long as the public continued to use it, although the new road had been completed. The case is one of doubtful fact for the jury, and the nonsuit should not have been granted.

*Judgment reversed.*