CORNELIUS C. VERMEULE, Appellant, *v.* CITY OF CORNING, Respondent.

Fourth Department, January 29, 1919.

Municipal corporations — charter of city of Corning construed — when advertising for bids not essential — ratification by common council of contract made by board of public works without authority — estoppel — admission by answer of presentation of sufficient claim — presumption as to sufficiency of form of claim.

Under the charter of the city of Corning the financial affairs of the city are committed to the jurisdiction of the common council.

Where services to be rendered a municipal corporation are of a technical nature and their value depends upon the skill with which they are to be performed, it is not essential that there be an advertising for bids.

Where the common council of the city of Corning, after the rendition of
services by plaintiff under a contract made with the board of public
works which had no authority to make such agreement, audited bills
rendered upon three different occasions and made payments on account
thereof without comment or suggestion of any invalidity of the contract,
there was a definite ratification and adoption of said contract.

Ratification, like waiver, rests upon the doctrine of estoppel.

An estoppel may arise against a municipality the same as against any
other party.

A verified answer by the city admitting the presentation of a verified claim
without any allegation of any defect therein as to time or otherwise, is
competent evidence as an admission by it of the presentation of a
sufficient claim.

The presumption as to a sufficient compliance with the technical require-
ments of the city charter as to the presentation of claims arising by the
failure of the common council to object when the claim was presented
supplemented by the sworn admission in the original answer, established
presentation of a sufficient notice of claim.

APPEAL by the plaintiff, Cornelius C. Vermeule, from a
judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of Steuben
on the 24th day of September, 1917, upon a decision of the
court dismissing the complaint and awarding defendant judg-
ment on its counterclaim after a trial before the court, a jury
having been waived.

*Halsey Sayles,* for the appellant.

*James O. Sebring* [*Justin V. Purcell* of counsel], for the
respondent.

LAMBERT, J.:

An exhaustive and able opinion has been written in this
case by the trial court (166 N. Y. Supp. 546). In that
opinion the facts involved are fully set forth.

There can be no doubt but that under the charter of the
city of Corning (Laws of 1905, chap. 142, as amd.) the
financial affairs of the city are committed to the jurisdiction
of the common council. In view of the result reached
in the case it may be assumed without deciding that
the board of public works as such had no authority to
contract debts of the character here involved. Its expendi-
tures are limited to moneys appropriated by the common
council.

The right of contract, therefore, in instances such as this lies with the common council and not with the board of public works. This is a case where it is not essential that there be an advertising for bids. The services rendered were of a technical nature and their value depended upon the skill with which the same were performed. In such instances it is not required that efficient services be sacrificed or impeded by the bidding system of municipal contracts.

The board of public works of defendant, upon the assumption that it had a right to do so, entered into a contractual arrangement with the plaintiff to perform the services here involved in behalf of the municipality, which contract was sufficiently definite in form to impose obligations upon the city to pay for services rendered thereunder. We may concede, as contended by the defendant, that this was an unenforcible contract and void. The common council, however, for a lawful municipal object had the right in its discretion to employ an engineer to perform the services claimed and conceded to have been rendered in this instance by the plaintiff. It is also quite clear that the common council, although not initiating the contractual arrangement, having power to do so, had the power to adopt the action of the board of public works and ratify the contract thus sought to be made. That it did so is the claim of the plaintiff, and that by so doing it thereby became the enforcible contract of the common council, the contracting body of defendant.

If the defendant did, in fact, adopt as its own the contract which the board of public works sought to make, there is ample authority for permitting such action. (*Albany City Nat. Bank* v. *City of Albany,* 92 N. Y. 363; *Peterson* v. *Mayor, etc.,* 17 id. 449; *Bernstein* v. *City of New York, No. 5,* 134 App. Div. 226; *North River Electric Co.* v. *New York,* 48 id. 14.)

Concededly, the common council, subsequent to the rendition of a part, at least, of the services rendered by plaintiff, upon three different occasions audited bills rendered by plaintiff to it and made payments on account thereof. Prior to the completion of the services for which the plaintiff sues, not only once, but upon three occasions this matter was brought directly to the attention of the common council upon bills presented. These bills were paid without comment, or sug-

gestion of any invalidity of the contractual arrangement of the plaintiff with the city. The plaintiff then had the right to rely upon the apparent conclusion following from such payments so made that the common council knew, approved, ratified and adopted the contract under which he was acting. To my mind this is a definite ratification and adoption of the efforts of the board of public works. Ratification, like waiver, rests upon the doctrine of estoppel. An estoppel may arise against a municipality the same as against any other party. (*Abells* v. *City of Syracuse*, 7 App. Div. 501, 506; *Moore* v. *Mayor*, 73 N. Y. 238, 248; *Nelson* v. *Mayor*, 63 id. 535; *North River Electric Co.* v. *New York*, 48 App. Div. 24; *Sheehan* v. *City of New York*, 37 Misc. Rep. 434.)

The contention of the plaintiff that he entered into a contract in good faith to perform services beneficial to the defendant is not disputed; that he performed the services therein required and was paid therefor from time to time by the defendant as the work progressed is also admitted. That relying upon the concession of the validity of the contract thus made, he fully performed the same is likewise conceded. Under these circumstances, the municipality having received the benefit of plaintiff's services should pay the agreed sum therefor, unless some reason sound in law prohibits its recovery.

The trial court concluded that the record does not show the presentation of the claim for services in the form and at the time required by the charter of defendant as a condition precedent to the maintenance of the action. (See §§ 30, 32, subd. 7.) There seems to be no dispute but that a claim was made and verified and given to the mayor of the defendant city and was by him, as may well be inferred, presented to the common council. Neither is there serious question but that it was presented so that there elapsed the essential three months between the presentation and the bringing of the action.

The chief criticism by the trial court is that there is no definite proof that the claim was itemized as required by law. The complaint alleged the presentation of a verified and itemized claim to the common council at a definite time, and the neglect and refusal for upwards of one year by said common council to audit or adjust the same. The original

answer admitted the presentation of a verified claim, without any allegation of any defect therein as to time or otherwise.

Later the answer was amended just preceding the trial of the action, and then the issue of presentation of the claim was first made by denying the allegation of the complaint, upon information and belief. As a matter of pleading, the fact of the itemization of the claim was at issue. However, the original verified answer was competent evidence as an admission by the municipality of the presentation of a sufficient claim. (*Breese* v. *Graves*, 67 App. Div. 322; *Herzfeld* v. *Reinach*, 44 id. 326; *Crombie* v. *Illinois Surety Co.*, 181 id. 787; *Wilson* v. *Newton County*, 76 S. E. Rep. 648; *Arkansas City* v. *Payne*, 80 Kan. 353; 102 Pac. Rep. 781.)

The presentation to the mayor and by him to the common council legally brought the subject to the attention and action of that body. The mode or extent of itemizing an account is not specifically fixed by statute. Hence, if the common council regarded the account as insufficiently itemized, it owed a duty to the plaintiff to bring it to his attention. No complaint having been made to the form of the claim when presented, we must assume, therefore, that it accorded to the common council all the information that body desired, and was a sufficient compliance with the technical requirement of the statute. This presumption, supplemented by the sworn admission in the original answer, proved presentation of a sufficient notice of claim.

The considerations above expressed, leading to the conclusion that plaintiff had a valid claim for the value of his services, concededly performed, effectually disposes of all questions as to the right of the defendant to recover upon counterclaim. That recovery cannot be sustained in view of the conclusion here reached.

The judgment appealed from should be reversed, with costs, and judgment directed for plaintiff for the amount of plaintiff's claim, with interest and with costs. The order may be settled on two days' notice, at which time findings to be disapproved and proposed new findings to be made may be submitted.

All concurred.

Judgment reversed, with costs, findings modified and judgment directed thereon for plaintiff for the amount of plaintiff's claim, with interest and with costs. Order to be settled before LAMBERT, J., on two days' notice, at which time findings to be disapproved and proposed new findings to be made may be submitted.